## MEHITABEL H. MOODY *vs.* EDMUND MOODY.

Prior to the *stat.* 1835, *c.* 191, when an intestate died insolvent, one tenant in common of land descending to the heirs of such intestate, might, under the *stat.* 1821, *c.* 35, recover of another treble damages for strip and waste committed thereon, after the decease of the intestate, and before the sale by the administrator for payment of debts.

TRESPASS by one tenant in common against another for strip and waste, under the statute. *Edmund Moody* the elder, died seized of the *locus in quo,* which descended to the plaintiff, defendant, and four other children. The estate was insolvent, and the assets finally paid only sixty-eight per cent. of the claims allowed. There had been a sale of the land for the payment of debts by the administrator, and distribution made among the creditors upon the basis of that sale. This sale was afterwards declared void, from a neglect to file a bond, as required by the then recent statute, and a new sale ordered, at which the land sold at about the same price as at the former sale. After the first sale and before the second, and prior to the year 1835, the defendant, who was not the administrator, cut the wood and timber as alleged in the declaration. It was thereupon insisted by the counsel for the defendant, that the trespass complained of was no injury to the plaintiff and the other cotenants, but only to the creditors of the estate of the elder *Moody,* and requested the Chief Justice, holding the Court, so to instruct the jury. The instruction was not given, and the verdict for the plaintiff was to be set aside, if it should have been.

*D. Goodenow,* for the defendant, argued, that the plaintiff had no interest in the land, as the estate was insolvent, and that the value of the wood and timber taken should go to the creditors. Besides, the defendant must be considered as a disseizor, claiming the whole, and not as tenant in common. Under these circumstances the plaintiff cannot maintain the action.

*J. Shepley,* for the defendant, remarked, that the law was well settled, that the administrator had only the mere naked right to sell, and that until the sale was made, the land as much belonged to the heirs, when the estate was insolvent, as when no debt against it existed. When this waste was committed the *statute* 1835, *c.*

191, on this subject had not passed, and was occasioned partly by this very case. There then existed no mode of obtaining from an heir at law, who stripped the land of its wood and timber, its value for the benefit of the estate. He cited *Fuller* v. *Young*, 1 *Fairf.* 373 ; *Moody* v. *Moody,* 2 *Fairf.* 251.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The first sale, made by the administrator, not being warranted by law, and having for that reason been declared void, cannot affect the rights of the parties. The real estate of an intestate descends to his heirs, subject to the contingency of being taken from them, if wanted to pay the debts of the deceased. Until thus taken, the heirs have a right to enjoy the inheritance and are entitled for its protection to all the remedies, which the law affords to a tenant. No trespasser, or other wrongdoer, can defend himself against their suit, or the suit of either of them, upon the ground that the land will probably, or even inevitably, be wanted to satisfy the just claims of creditors. The title of the heirs is good, until defeated by due operation of law ; and we are therefore of opinion, that the point taken by the defendant cannot avail him.

*Judgment on the verdict for treble damages.*